UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMBUKTU EDUCATIONAL FOUNDATION,<br><br>              Plaintiff,<br><br>       v.<br><br>ALKARAWEEN ISLAMIC BOOKSTORE,<br><br>              Defendant.<br>_____/ | No. C-06-3025 JSW (EMC)<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE** |

Plaintiff Timbuktu Educational Foundation ("Timbuktu") filed suit against Defendant Alkaraween Islamic Bookstore, alleging infringement of Timbuktu's copyrighted DVD entitled "Timbuktu: The Untold Story." After Alkaraween failed to respond to Timbuktu's complaint, default was entered on October 13, 2006. Thereafter, Timbuktu moved for default judgment and asked that the Court award $30,000 in statutory damages pursuant to 17 U.S.C. § 504(c)(1). Timbuktu's motion was assigned to the undersigned for a report and recommendation.

The Court has reviewed Timbuktu's motion and supporting papers. In a motion for default judgment, factual allegations of the plaintiff's complaint are generally accepted as true, except for those related to the amount of damages. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). The plaintiff has the burden of proving damages. *See Board of Trustees of Pipe Trades Dist. Council No. 36 v. Drexal Power, Inc.*, No. C 04-0630 BZ, 2004 U.S. Dist. LEXIS 15657, at *5-6 (N.D. Cal. July 26, 2004).

Under 17 U.S.C. § 504(a), an infringer of a copyright is liable to the copyright owner for either (1) the copyright owner's actual damages, plus any additional profits of the infringer, or (2)

statutory damages. *See* 17 U.S.C. § 504(a). "A [copyright owner] may elect statutory damages regardless of the adequacy of the evidence offered as to [its] actual damages or the amount of the [infringer's] profits." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003). If the copyright owner elects statutory damages, then a court has wide discretion to determine the proper amount of damages to award within the range of $750 to $30,000. *See* 17 U.S.C. § 504(c)(1).

In the instant case, Timbuktu asks for the maximum statutory damages award under § 504(c)(1) – *i.e.*, $30,000. Timbuktu does not explain nor provide any evidence supporting its claim for $30,000, except to state that Alkaraween "sold numerous copies of [Timbuktu's copyrighted] work in violation of [its] copyright." Ridgell Dec. ¶ 7. The Court therefore orders Timbuktu to provide supplemental briefing and/or evidence to justify why an award at the highest end of the range is appropriate. Timbuktu should not only identify how many "numerous copies" of the copyrighted work were actually sold but also take into account the factors that courts typically consider in determining what is an appropriate statutory damages award for copyright infringement. *See*, *e.g.*, *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991) ("[D]istrict courts enjoy wide discretion in awarding fees and may consider various factors such as 'the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement."); *Columbia Pictures Indus. v. T&F Enters.*, 68 F. Supp. 2d 833, 840 (E.D. Mich. 1999) (noting that courts consider various factors in determining the appropriate amount of statutory damages for copyright infringement, including "(1) the expenses saved and profits reaped by the defendants in connection with the infringements; (2) the revenues lost by the plaintiffs as a result of the defendants' conduct; (3) the infringers' state of mind whether willful, knowing, or merely innocent; and (4) the goal of deterring wrongful conduct"). Given the above factors, the following may be of assistance to the Court in determining statutory damages: Timbuktu's profits per DVD, copies sold annually, and the cost of making the DVD. This list is not exhaustive, and Timbuktu should provide any other information it deems relevant.

///

///

Timbuktu shall file and serve its supplemental briefing and/or evidence within one week of the receipt of this order.

IT IS SO ORDERED.

Dated:  January 30, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge