UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMBUKTU EDUCATIONAL FOUNDATION,

    Plaintiff,

v.

ALKARAWEEN ISLAMIC BOOKSTORE,

    Defendant.
_____/

No. C-06-3025 JSW (EMC)

**SECOND ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE**

Plaintiff Timbuktu Educational Foundation ("Timbuktu") filed suit against Defendant Alkaraween Islamic Bookstore, alleging infringement of Timbuktu's copyrighted DVD entitled "Timbuktu: The Untold Story." After Alkaraween failed to respond to Timbuktu's complaint, default was entered on October 13, 2006. Thereafter, Timbuktu moved for default judgment. Timbuktu's motion was assigned to the undersigned for a report and recommendation.

The Court hereby orders that Timbuktu provide supplemental briefing and/or evidence establishing that service of process was properly effected. More specifically, Timbuktu should establish compliance with California Code of Civil Procedure § 415.40,[1] or any other applicable provisions (*see, e.g.,* California Code of Civil Procedure § 416.40 re partnerships and unincorporated associations). *See Dill v. Berquist Constr. Co., Inc.*, 24 Cal. App. 4th 1426, 1436-39 (1994) (concluding that plaintiff did not strictly comply with § 415.40 because he "did not mail the summons to any individual at all, but rather to the corporate defendants themselves" and that there

---

[1] Timbuktu asserts that Alkaraween was served in the manner provided for by § 415.40. *See* Docket No. 11.

was no substantial compliance with § 415.40 because there was insufficient evidence that the person who received the summons was one of the individuals specified in § 416.10 [the statute governing service on a corporation]"). It is important to know, for instance, whether the individual served is a proper person upon who service can be effected (*e.g.,* was he or she an individual specified in § 416.10 for corporations or § 416.40 for partnerships?).

In addition, the Court orders that Timbuktu provide supplemental briefing and/or evidence establishing that the Court has personal jurisdiction over Alkaraween. *See Tuli v. Republic of Iraq (In re Tuli)*, 172 F.3d 707, 712 (9th Cir. 1999) ("[W]hen a court is considering whether to enter a default judgment, it may dismiss an action sua sponte for lack of personal jurisdiction."); *see also Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[A] district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case."). The Court is concerned whether there is personal jurisdiction as it appears that Alkaraween is an out-of-state defendant and Timbuktu has not provided any details about Alkaraween's allegedly infringing activity -- for example, whether any of the infringing activity took place in California, whether Defendant knew its effects would be felt in California, etc. *See, e.g.*, *Brayton Purcell LLP v. Recordon & Recordon*, 361 F. Supp. 2d 1135 (N.D. Cal. 2005) (conducting a personal jurisdiction analysis in a copyright infringement case).

Timbuktu shall provide the supplemental briefing and/or evidence requested above within two weeks of the issuance of this order.

IT IS SO ORDERED.

Dated: April 17, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge