UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMBUKTU EDUCATIONAL FOUNDATION,<br><br>   Plaintiff,<br><br> v.<br><br>ALKARAWEEN ISLAMIC BOOKSTORE,<br><br>   Defendant.<br>_____/ | No. C-06-3025 JSW (EMC)<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Docket No. 21)** |

   Plaintiff Timbuktu Educational Foundation ("Timbuktu") filed suit against Defendant Alkaraween Islamic Bookstore ("Alkaraween"), alleging infringement of Timbuktu's copyrighted DVD entitled "Timbuktu: The Untold Story." After Alkaraween failed to respond to Timbuktu's complaint, default was entered on October 13, 2006. Thereafter, Timbuktu moved for default judgment and asked that the Court award $30,000 in statutory damages pursuant to 17 U.S.C. § 504(c)(1). Timbuktu's motion was assigned to the undersigned for a report and recommendation. Having considered Timbuktu's motion and accompanying submissions, the Court hereby recommends that the motion for default judgment be **DENIED** for insufficient service of process.

## I.  FACTUAL & PROCEDURAL BACKGROUND

   In its complaint, Timbuktu alleges the following facts. Prior to September 16, 2004, Timbuktu, a California corporation, created and produced for sale an original motion picture titled "Timbuktu: The Untold Story." *See* Compl. ¶ 6. The motion picture contains a large amount of wholly original material. *See id.* ¶ 7. On September 16, 2004, Timbuktu's copyright in the motion picture was registered. *See id.* ¶ 8. Since September 16, 2004, Timbuktu has published, marketed,

and distributed the copyrighted work. *See id.* ¶ 9. The work has been reduced to DVD format. *See id.* ¶ 6. After September 16, 2004, and continuously since August 1, 2005, Alkaraween published and distributed a DVD likewise titled "Timbuktu: The Untold Story." *See id.* ¶ 12. Alkaraween's DVD is "copied largely" from Timbuktu's motion picture. *Id.*

Timbuktu filed its suit for copyright infringement on May 4, 2006. *See* Docket No. 1 (complaint). After Alkaraween failed to appear or respond to the complaint, Timbuktu asked for entry of default. *See* Docket No. 12 (motion). Default was entered on October 13, 2006, *see* Docket No. 16 (entry of default), and thereafter Timbuktu moved for default judgment. After the motion was referred to the undersigned for a report and recommendation, this Court ordered Timbuktu to provide supplemental briefing and/or evidence in support of its request for statutory damages in the amount of $30,000. *See* Docket No. 26 (order). In response, Timbuktu submitted the declaration of Musa Balde, president of Timbuktu. Attached to Mr. Balde's declaration is a list of costs expended in making the copyrighted work and a copy of Timbuktu's 2005 tax return. The Court then ordered Timbuktu to provide supplemental briefing and/or evidence to address the Court's concerns regarding service of process and personal jurisdiction. *See* Docket No. 30 (order). Timbuktu's counsel, Shawn Ridgell, provided a declaration in response.

## II. DISCUSSION

In deciding whether to grant or deny a default judgment, a court must first "assess the adequacy of the service of process on the party against whom default is requested." *Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001); *see also Lease Corp. of Am. v. Gibbs*, No. 96-6827m 1997 U.S. Dist. LEXIS 5478, at *1 (E.D. Pa. Apr. 22, 2007) ("In order for a court to enter a default judgment against a defendant, that defendant must have been properly served with a summons and a copy of the complaint.").

In the instant case, Timbuktu's complaint does not specify whether Alkaraween is a corporation, an unincorporated association, a partnership, or simply an individual "doing business as." *See* Compl. ¶ 2 (simply referring to Alkaraween as a foreign business). However, in a supplemental filing, Timbuktu indicates its belief that Alkaraween is a corporation. *See* Docket No.

2

1   31 (Ridgell Decl. ¶ 2) (referring to California Code of Civil Procedure § 416.10, which governs
2   service of process on corporations).  Accordingly, the Court determines whether service of process
3   on Timbuktu was proper under Federal Rule of Civil Procedure 4(h), which governs service of
4   process on corporations (as well as partnerships and other unincorporated associations).

5   Under Rule 4(h), service may be effected pursuant to California state law.  *See* Fed. R. Civ.
6   P. 4(h)(1) (allowing for service as prescribed for individuals by Rule 4(e)(1)).   Unless there is
7   "substantial compliance" with Rule 4(h), actual notice alone will not suffice to establish personal
8   jurisdiction.  *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982); *see also Bridgeport*
9   *Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004) (in default judgment
10  context, noting that "[a]ctual knowledge of a lawsuit does not substitute for proper service under
11  Fed. R. Civ. P. 4").

12  Timbuktu states that it served Alkaraween pursuant to California Code of Civil Procedure §
13  415.40.  *See* Docket No. 11.  Under this statute, "[a] summons may be served on a person outside
14  [California] . . . by sending a copy of the summons and of the complaint to the person to be served
15  by first-class mail, postage prepaid, requiring a return receipt."  Cal. Code Civ. Proc. § 415.40.  In
16  *Dill v. Berquist Constr. Co., Inc.*, 24 Cal. App. 4th 1426 (1994), the state court explained that, "in
17  order to serve a corporate defendant by mail at an address outside the state pursuant to section
18  415.40, a plaintiff must mail the summons *to a person* to be served on behalf of the corporation, *i.e.*,
19  to one of the individuals specified in section 416.10."  *Id.* at 1436 (emphasis added).  The court
20  found that in that case, the plaintiff did not strictly comply with § 415.40 because he "did not mail
21  the summons to any individual at all, but rather to the corporate defendants themselves."  *Id.*  While
22  the plaintiff could have substantially complied with the statute "if, despite his failure to address the
23  mail to one of the persons to be served on behalf of the defendants, the summons was actually
24  received by one of the persons to be served," *id.* at 1437, there was insufficient evidence that the
25  person who received the summons was one of the individuals specified in § 416.10.  *See id.* at 1437-
26  39 ("[T]he mere fact that some employee of the corporation received the summons does not
27  necessarily establish substantial compliance.  Rather, there must be evidence 'establishing actual
28  delivery to the person to be served . . . .'").  The *Dill* court therefore concluded that the plaintiff

**United States District Court**
For the Northern District of California

3

failed to prove that he had effected valid service. *Cf. Joe Hand Promotions, Inc. v. Limit XXI, Inc.*, No. 00-CV-1187, 2000 U.S. Dist. LEXIS 9023, at *2 (E.D. Pa. June 14, 2000) (denying motion for default judgment without prejudice where corporate defendant was not properly served because nothing in the record showed that the served individual could accept service on behalf of the company).

In the instant case, Timbuktu mailed the summons to Alkaraween and not to any of the individuals to be served on behalf of a corporation, *see* Docket No. 11 (attachment). Therefore, under *Dill*, there was no strict compliance with § 415.40. Although Timbuktu could have achieved compliance by addressing the mailing to, *e.g.*, the president of Alkaraween, *see Dill*, 24 Cal. App. 4th at 1438 ("If the names of those officers are unknown to a plaintiff, we see no problem in addressing them solely by their titles."), it failed to do so here.

The question remains whether there was substantial compliance with the statute because "the summons was actually received by one of the persons to be served," *Dill*, 24 Cal. App. 4th at 1437 -- *e.g.*, to the person designated as agent for service of process, the president, chief executive officer, or other head of Alkaraween, a vice president, secretary or assistant secretary, treasurer or assistant treasurer, controller or chief financial officer, general manager, or a person authorized by Alkaraween to receive service of process. *See* Cal. Code Civ. Proc. § 416.10(a)-(b). Here, the return receipt reflects that a person by the name of Hafsa Rhandor received the summons and complaint. *See* Docket No. 11 (attachment). According to counsel for Mr. Ridgell, Ms. Rhandor was an employee of Alkaraween and the daughter of Alkaraween's owner, and so was "authorized to accept service of process pursuant to Cal. Code of Civ. Proc. § 416.10(b)." Docket No. 31 (Supp. Ridgell Decl. ¶ 2). Mr. Ridgell does not allege she is an officer.

While a corporation could theoretically authorize any of its employees to receive service of process on behalf of the corporation, Court rejects Timbuktu's suggestion that a person is automatically authorized to accept service of process under § 416.10(b) simply because he or she is an employee. There is no evidence that Alkaraween actually appointed Ms. Rhandor as one authorized to accept service of process. *See Dill*, 24 Cal. App. 4th at 1437 ("[T]he fact that a person is authorized to receive mail on behalf of a corporation and to sign receipts acknowledging the

4

delivery of that mail does not mean that the same person is authorized by the corporation to accept service of process."). Nor is there any evidence that Alkaraween held out Ms. Rhandor as one authorized to accept service of process. *See id.* (noting that "[a]n extrajudicial statement of a person that he or she is the agent of another is not admissible to prove the fact of agency unless the statement is either made in the presence of or communicated to the principal and the principal acquiesces in that statement").

Nor is Ms. Rhandor's status as daughter of Alkaraween's owner make her a person automatically authorized to accept service of process. Timbuktu has not cited any authority to support such a proposition that authority to accept service of process for a corporation can be implied simply because of a familial relationship between the person and a corporation's owner.

To be sure, substitute service could probably have been accomplished via Ms. Rhandor on behalf of Alkaraween. *See* Rutter Group, Cal. Prac. Guide: Civ. Proc. Before Trial § 4:128 (noting that "substitute service on entity defendants may be effected by leaving summons with secretaries, receptionists, doorkeepers, or other persons 'apparently in charge' of the premises" -- such persons "need not be authorized to accept summons on defendant's behalf") (emphasis omitted). However, Ms. Rhandor was not personally served, a requirement of substitute service.

The Court therefore concludes that Timbuktu failed to show strict or substantial compliance with § 415.40. Accordingly, the Court recommends that Timbuktu's motion for default judgment be denied without prejudice for improper service of process. Timbuktu is free to re-attempt service consistent with the discussion above.[1]

---

[1] The Court does not make any recommendation as to whether or not there is personal jurisdiction over Alkaraween. *See Tuli v. Republic of Iraq (In re Tuli)*, 172 F.3d 707, 712 (9th Cir. 1999) ("[W]hen a court is considering whether to enter a default judgment, it may dismiss an action sua sponte for lack of personal jurisdiction."); *see also Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[A] district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case."). But the Court does note that it questions whether Timbuktu has provided competent evidence of personal jurisdiction. Although Mr. Ridgell, counsel for Timbuktu, has submitted a declaration, he has not demonstrated he has personal knowledge that Alkaraween sold the infringing work to individuals who are residents of Alameda County, the alleged bases for personal jurisdiction. *See* Docket No. 31 (Supp. Ridgell Decl. ¶ 3). Nor are there jurisdictional allegations contained in the complaint.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Timbuktu's motion for default judgment be denied without prejudice.

Any party may file objections to this report and recommendation with the district judge within ten days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

Dated: May 7, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge