United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMBUKTU EDUCATIONAL FOUNDATION,<br><br>          Plaintiff,<br><br>     v.<br><br>ALKARAWEEN ISLAMIC BOOKSTORE,<br><br>          Defendant.<br>_____/ | No. C-06-3025 JSW (EMC)<br><br>**ORDER SETTING HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND REQUIRING SUPPLEMENTAL BRIEF AND/OR EVIDENCE**<br><br>**(Docket No. 45)** |

Plaintiff Timbuktu Educational Foundation ("Timbuktu") has filed suit against Defendants Alkaraween Islamic Bookstore ("Alkaraween"), alleging infringement of Timbuktu's copyrighted DVD entitled "Timbuktu: The Untold Story." Previously, Timbuktu filed a motion for default judgment, which the presiding judge referred to the undersigned for a report and recommendation. This Court recommended that the motion be denied for insufficient service of process, *see* Docket No. 33; the presiding judge adopted that recommendation. *See* Docket No. 34. Subsequently, Timbuktu re-served the summons and complaint on Alkaraween and, after no response was made, moved for default judgment a second time. This is the currently pending motion, which has also been referred to the undersigned for a report and recommendation.

The Court hereby orders that Timbuktu's motion for default judgment be set for a hearing on **December 17, 2008, at 3:00 p.m.** At the hearing, Timbuktu should be prepared to address, *inter alia*, the following issues: (1) the alleged infringement by Alkaraween; (2) whether there is personal jurisdiction over Alkaraween; and (3) what an appropriate amount of statutory damages would be.

In addition, the Court hereby orders that, by **December 10, 2008**, Timbuktu file a supplemental brief and/or evidence in support of its motion. More specifically, Timbuktu shall provide further information as to:

(1) The alleged infringement by Alkaraween. For example, is the allegedly infringing DVD an exact copy of Timbuktu's DVD? *See* Compl. ¶ 12 (alleging that Alkaraween's DVD is "copied largely" from Timbuktu's). If not, what has been copied? If Timbuktu has copies of both its own DVD as well as the allegedly infringing DVD, such should be provided to the Court.

(2) Whether there is personal jurisdiction over Alkaraween. Based on the papers submitted, it does not appear that Timbuktu is asserting general jurisdiction. Moreover, based on the papers submitted, it appears that Timbuktu is asserting specific jurisdiction based on a stream-of-commerce theory only. *See* Ridgell Decl. ¶ 5. Timbuktu shall make clear what its argument of personal jurisdiction is and cite legal authority to defend its contention that there is personal jurisdiction. In addition, Timbuktu shall provide any and all evidence it has to support the claim in counsel's declaration that: (a) Alkaraween is a bookstore that markets and distributes its products to customers on a worldwide basis; (b) Alkaraween has representatives located in California who sell and distribute Alkaraween's products in California; and (c) Alkaraween has sold the allegedly infringing DVD in California. *See* Ridgell Decl. ¶ 5. Timbuktu shall also provide any and all evidence as to how many copies of the allegedly infringing DVD have been sold by Alkaraween, whether in or outside of California.

(3) The alleged expected sales. In his declaration, Mr. Balde claims that Timbuktu "anticipated that [its] gross revenues on the [copyrighted] DVD would be $200,000 per year" and further "anticipated that [it] would sell 10,000 DVD's every six months." Timbuktu shall provide any and all evidence as to why it was reasonable to expect such sales. Timbuktu shall also provide any and all evidence to support its contention that it did not "reach this goal due to the fact that the defendant[] infringed upon our copyright" (*i.e.*, as opposed to other causes). Balde Decl. ¶ 4; *see also* Balde Decl. ¶ 5 ("As a result of the defendant's copyright

infringement, we were unable to reach our sales goals.").

(4) Sales prior to alleged infringement. Timbuktu shall provide any and all evidence as to sales of its copyrighted DVD that it made (a) prior to any alleged infringement by Alkaraween and (b) prior to August 1, 2005, which was when Alkaraween allegedlly began to infringe continuously. *See* Compl. ¶ 12.

(5) The alleged cost of production for Timbuktu's DVD. Timbuktu shall provide any and all evidence supporting the claim in the Buse declaration that the cost of producing the DVD was $109,956. *See* Balde Decl. ¶ 3. Any documentary evidence supporting this claim should be provided.

Timbuktu shall serve a copy of this order on Alkaraween within three days of the date of this order. Upon service, Timbuktu shall file a copy of the proof of service on Alkaraween.

IT IS SO ORDERED.

Dated: November 26, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

3